IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL MUSIC GmbH d/b/a BRAVADO,<br><br>    Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" HERETO,<br><br>    Defendants. | Case No.: |

### DECLARATION OF ANNA REITER

I, Anna Reiter, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the General Manager of New Alchemy Solutions, Ltd. and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of UNIVERSAL MUSIC GmbH d/b/a BRAVADO ("UMG"). I make this declaration from matters within my own knowledge, except where otherwise stated.

3. New Alchemy Solutions Ltd. and UMG have expended substantial time, money and other resources in developing, advertising and otherwise promoting the VOLBEAT Trademark. As a result, products associated with the VOLBEAT

1

Trademark are recognized and exclusively associated by consumers, the public and the trade as being products sourced from UMG.

4. UMG is the exclusive licensee of the U.S. Registration No. 4,000,272 for the VOLBEAT mark (the "Trademark"). The above registration for the VOLBEAT Trademark is valid, subsisting and in full force and effect. A true and correct copy of the federal trademark registration certificate for the VOLBEAT Trademark is attached hereto as Exhibit 1.

5. UMG is in the business of developing, marketing, selling and distributing VOLBEAT products. VOLBEAT is a Danish rock band formed in Copenhagen in 2001. They play a fusion of rock and roll, heavy metal and rockabilly. Their current line-up consists of vocalist and guitarist Michael Poulsen, guitarist Rob Caggiano, drummer Jon Larsen and bassist Kaspar Boye Larsen. The band is signed to Dutch label Mascot Records and has released six studio albums and one DVD. All of their studio albums have been certified gold in Denmark. Their second album "Rock the Rebel/Metal the Devil" achieved platinum status, and their 2010 release "Beyond Hell/Above Heaven" received widespread international critical acclaim, achieving double platinum in Denmark, platinum in Finland and Germany, and gold in the United States, Sweden and Austria. Volbeat's seventh album "Rewind, Replay, Rebound" was released on 2 August 2019. UMG is the official source of products bearing the VOLBEAT trademark:

https://www.volbeat.dk/en/



6. New Alchemy Solutions, Ltd. and UMG have identified numerous domain names linked to interactive websites and marketplace listings on platforms such as iOffer, ContextLogic, Inc, ("Wish"), Amazon.com, DHgate, eBay and AliExpress, including the interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A, attached to the Complaint (collectively, the "Defendant Internet Stores"), which were offering for sale, selling and importing counterfeit products in connection with counterfeit versions of UMG's federally registered VOLBEAT Trademark (the "Counterfeit VOLBEAT Products") to consumers in this Judicial District and throughout the United States. Despite UMG's enforcement efforts online, Defendants have persisted in creating the Defendant Internet Stores.

7. In cooperation with UMG, we perform, supervise and/or direct investigations related to Internet-based infringement of the VOLBEAT Trademark. Our investigation shows that Defendants are using the Defendant Internet Stores to sell Counterfeit VOLBEAT Products from foreign countries such as China to consumers in the U.S. and elsewhere. We, or someone working under our direction, analyzed each of the Defendant Internet Stores and determined that Counterfeit VOLBEAT Products were being offered

for sale in the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the price at which the Counterfeit VOLBEAT Products were offered for sale, and other features commonly associated with websites selling counterfeit products, such as Defendants offering shipment to the United States, including Illinois, and because Defendants and their websites do not conduct business with UMG and do not have the right or authority to use the VOLBEAT Trademark for any reason. True and correct copies of the screenshot printouts showing the active Defendant Internet Stores reviewed are attached as <u>Exhibit 2</u>.

8. Upon information and belief, Defendants facilitate sales by designating the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine VOLBEAT Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Wish, DHgate, Alipay, Amazon and/or PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of the legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee®, Visa®, MasterCard® and/or PayPal® logos. UMG has not licensed or authorized Defendants to use their VOLBEAT Trademark and none of the Defendants are authorized retailers of genuine VOLBEAT Products.

9. Upon information and belief, Defendants also deceive unknowing consumers by

using the VOLBEAT Trademark without authorization within the content, text and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for VOLBEAT Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listing appear at or near the top of relevant search results and misdirect consumers searching for genuine VOLBEAT Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

10. Defendants often go to great lengths to conceal their identities and frequently use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant Domain Names often use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation and to avoid being shut down.

11. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit VOLBEAT

Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit VOLBEAT Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HADJL user-defined variables, domain redirection, lack of contact information, identically or similarly priced hosting services, similar name servers and the use of the same text and images.

12. In addition to operating under multiple fictitious names, Defendants in the case and defendants in other similar cases against online counterfeiters, use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

13. Counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as Amazon, Wish, DHgate, eBay, Alipay and/or PayPal accounts behind layers of payment gateways so that they can continue operation in spite of UMG's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their Amazon, Wish, DHgate, eBay,

Alipay and/or PayPal or similar accounts to off-shore bank accounts outside the jurisdiction of this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July  13 , 2020.

/s/ _____